### Atlanta & West Point Railroad *vs.* Conder.

CASE, FROM COWETA.　　Railroads.　　Damages.　　Negligence.　　Verdict.　　(Before
Judge Harris.)

Hall, J.—1.　Under the evidence in this case, the plaintiff was en-
titled to recover something for the indignity put upon him by the op-
probrious language used and by the assault and battery inflicted by at
least one of the employees of the company while he was in its care, and
entitled to its protection as a passenger in its cars, it appearing that in
the encounter, out of which the action grew, the company's brakeman
was the aggressor, and that he had no right, under the regulations of
the road, to refuse to let the plaintiff pass from the ladies' car to the other
car, it being undisputed that this was allowed even when the train was
in motion, whenever it was required by a necessary occasion or when-
ever the passenger saw proper to do so, either for his convenience or
pleasure.

2.　Although there was no loss of time and no hindrance of the
plaintiff in the pursuit of his business, and although there was no con-
siderable amount of physical suffering occasioned him, yet he was sub-
jected to indignity, his feelings were outraged and he was degraded in
the eyes of his fellow-passengers by being assailed with coarse and
vituperative language and blows by at least one of those who owed him
protection and kind and hospitable treatment.　In such a case general or
exemplary damages was the only compensation he could recover for
this violation of his rights, and the measure of such damages is referred
by express law to the enlightened conscience of an impartial jury.　In
this case it does not appear that the finding was so excessive or exorbi-
tant as to show that the jury were biased in favor of the plaintiff or
against the defendant; or that they misconceived their power or depart-
ed from their duties.　68 Ga., 219, 224 and cit.; 72 Id., 292 (in press).

Judgment affirmed.

Bigby & Dorsey; Buchanan & Brewster, for plaintiff in error.

A. D. Freeman, for defendant.